**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**


**CIVIL ACTION NO: 1:21-cv-21733-KMM**

**MAYTE FIGUEREDO-CHAVEZ,**
**individually and on Behalf of All**
**Others Similarly Situated,**

      **Plaintiffs,**
**vs.**

**RCI HOSPITALITY HOLDINGS, INC.,**
**MIAMI GARDENS SQUARE ONE, INC.,**
**and ERIC LANGAN, individually,**

      **Defendants**
_____/


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER *EXPEDITED***
**MOTION TO CONDITIONALLY CERTIFY COLLECTIVE ACTION AND**
**<u>FACILITATE NOTICE TO PUTATIVE COLLECTIVE MEMBERS</u>**

Plaintiff's motion seeking to conditionally certify a group of adult entertainers ("Entertainers") that worked at a single location, Tootsie's Cabaret, meets the "fairly lenient" standard for conditional certification. Plaintiff, the Opt-in Plaintiffs and the putative class all held the same job title, worked under the similar conditions and worked at the same location for many years. *See* Declarations at Pl. Ex. D [DE 22-4]. The declaration of Sally Chew (Defs. Ex. A [DE 26-1]), submitted by Defendants, is only further evidence that all Entertainers are similarly situated in all material respects as they are subject to the same Entertainer License Agreements that obligate the Entertainers to follow the same "House Rules" and sets forth the general "Compensation," "Hours," and "Services" of their work. *See* Defs. Ex. B-D at §§ 5-7 [DE 26-2-4].

Defendants attempt to assail the obvious similarity among the Entertainers by arguing that the declarations submitted in support of conditional certification are either inadmissible or are too similar ("boilerplate"). *See* Defendants' Opp. at pp. 7-11 [DE 26]. Both of these arguments miss the mark. First, Defendants fail to acknowledge the clear language of Ms. Sabogal's declaration in which she avers that she is making the declaration "under the laws of the United States of America and pursuant to 28 U.S.C. § 1746." Pl. Ex. D at p. 7 [DE 23-4]. Sabogal's declaration fully complies with the standards set forth in the cases cited by Defendants (and all applicable law). Second, to state the obvious, the similarity among Plaintiff's declarations does not cut against collective certification. Rather, it underscores that conditional certification is appropriate in this case, like in scores of other similar cases against adult clubs where conditional certification was granted, because it demonstrates the undeniable similarity between Plaintiff, the Opt-in Plaintiffs, and those putative opt-ins to whom Plaintiff seeks to send notice. The declarations also include specific factual averments that Tootsie's Cabaret:

maintained a work schedule for *all* Entertainers with designated shifts, created house rules which *all* Entertainers were uniformly required to follow, disciplined Entertainers through fines, fees and termination and controlled *all* Entertainer's working conditions (e.g. customers, music, stage) in a similar if not identical manner.

Defendants also fail to respond to any of Plaintiff's well-supported contentions regarding the (lack of any) effect of alleged arbitration agreements here.  They fail to address the avalanche of authority standing for the proposition that the existence of an arbitration agreement is not typically considered at Stage I, and fail to respond to, and therefore concede for the purposes of this motion, that that the "designated arbitral forum of AAA is unavailable *to any Entertainer* because Tootsie's Cabaret's repeatedly refused to follow AAA's policies and rules and the AAA has stated it will decline to administer future arbitrations involving Tootsie's Cabaret." Plaintiff's Br. at p. 11-12 [DE 22].[1]

Defendants' fallback position that the class and collective waivers preclude conditional certification, even in the absence of an enforceable arbitration agreement likewise fails.   The class waivers here are inextricably intertwined with the arbitration provision, contained within the same provision within the agreement, and are part and parcel of the obligation to arbitrate, rather than an independent provision.  *Vine v. PLS Financial Services, Inc.*, 807 Fed App'x 320, 328 (5th Cir. 2020) (citations omitted) (where defendant waived arbitration class waiver contained within arbitration provision was unenforceable and could not be read as "an independently effective waiver of the right to pursue a class action outside the arbitration context.").[2]   Here, Defendants acknowledge they waived arbitration with regard to the Plaintiff.

---

[1]  A copy of the letter referenced in Plaintiff's brief is included as Plaintiff's Exhibit E.
[2]  Notably, the sole case cited by Defendants for the proposition that a collective action waiver may be enforceable in the absence of an enforceable arbitration provision, *Martins v. Flowers Foods, Inc.*, 463 F.

*See* Defendants' Opp. at p. 2. Moreover, due to Defendants' willful and repeated failure to participate in numerous arbitrations filed by similarly situated Entertainers, the AAA has refused to arbitrate any Entertainers' claims.   Thus, the designated arbitral forum is uniformly unavailable to Plaintiff, the Opt-in Plaintiffs and the putative collective members.   Under these circumstances, the corresponding class and collective waivers that might have attached to the obligation to arbitrate fall too.

## I.      PLAINTIFF EASILY EXCEEDS HER LENIENT BURDEN

As detailed in Plaintiff's moving papers, Plaintiff has met the "fairly lenient" standard applicable for Stage I or conditional certification, because she has demonstrated all Entertainers: (1) held same dancer job title, (2) worked at the same physical location, (3) experienced the alleged violations over the same time period, (4) were subjected to the same policies and practices established by Tootsie's management, and (5) experienced the same alleged wage violations throughout their employment.  *See Compere v. Nusret Miami, LLC*, 391 F. Supp. 3d 1197, 1202 (S.D. Fla. 2019) (Moore, J.) (discussing five factors that courts commonly consider at the conditional certification stage).

Plaintiff has also demonstrated that there exists other employees that desire to join the lawsuit by virtue of her declaration and the existence of the two-opt Plaintiffs (who also provided declarations), and evidence that there are over 300 Entertainers working at Tootsie's at any given point, "all of whom were classified by Defendants as independent contractors, were not paid a minimum wage or overtime wages by Defendants, and were required by Defendants to share their tips with other employees and to pay fees to Defendants."  *Shaw v. Set Enterprises, Inc.*, No. 15-CV-62152-WPD, 2016 WL 10593592, at *2 (S.D. Fla. Dec. 6, 2016) (total of 3

---

Supp. 3d 1290 (M.D. Fla. 2020) **has been vacated** by the Eleventh Circuit.  852 Fed. App'x 519 (Jul. 09, 2021).

entertainers sufficient to demonstrate interest and warrant conditional certification across multiple locations); *see also Burrell v. Toppers International, Inc.*, 2016 WL 4111375 at * 1 (M.D. Ga. March 11, 2016) (class of entertainers conditionally certified based on the declaration of the named-plaintiff and 2 opt-in plaintiffs); *Stevenson v. The Great American Dream, Inc.*, 2013 WL 4217128 at * 2 (N.D. Ga. Aug. 14, 2013) (granting conditional certification of entertainers based on the declaration of 2 plaintiffs and 1 opt-in plaintiff).  Indeed, this Court has repeatedly granted conditional certification based on similar evidence presented by Plaintiff here. *See Didoni v. Columbus Rest., LLC*, 327 F.R.D. 475, 480 (S.D. Fla. 2018) (Moore, J.) ("Courts in this district have held that the existence of just one other co-worker who desires to join in is sufficient to 'raise the Plaintiff's contention beyond one of pure speculation.'") (citation omitted); *Compere*, 391 F. Supp. 3d 1197 (granting conditional certification based on the declarations of the named-plaintiff and a single opt-in).

Moreover, the declaration of Sally Chew, submitted by Defendants, only further corroborates that all Entertainers are similar in that they all have to abide by the same Entertainer License Agreements, which require Entertainers to follow the same "House Rules" and sets forth the general "Compensation," "Hours," and "Services" of their work.   Defs. Ex. A [DE 26-1]. Taken as a whole, this evidence far exceeds Plaintiff's lenient burden and notice is due to issue.

## II.    DEFENDANTS' EVIDENTIARY OBJECTIONS ARE WITHOUT MERIT

In tacit acknowledgment that all Entertainers are similarly situated, Defendants do not argue otherwise.  Instead Defendants attempt to attack the declarations submitted in support of conditional certification asserting that they are either inadmissible or are too similar (or boilerplate).  Defendants' Opp. at pp. 7-11 [DE 26].  Both of these arguments fall flat.

First, to the extent Defendants contend that the declaration of Ingrid Sabogal is inadmissible because it is "unclear from the face of Ms. Sabogal's declaration whether she was

4

swearing pursuant to the laws of the Netherlands, the United States, or some other jurisdiction," [D.E. 26 at pp. 8-9], it appears they failed to read her declaration.  Ms. Sabogal avers, at the top of her declaration, that her declaration is given "under the laws of the United States of America and pursuant to 28 U.S.C. § 1746."  Pl. Ex. D at p. 7 [DE 22-4].  Ms. Sabogal's declaration is clear on its face that it is sworn pursuant to the laws of the United States, satisfies the requirements of 28 U.S.C. § 1746, and must be considered by the Court.

Second, Defendants argue that the declarations submitted in support of conditional certification are too "boiler plate" and conclusory.  Defendants' Opp. at pp. 9-11 [DE 26]. To state the obvious, the similarity among Plaintiff's detailed declarations does not cut against collective certification.  *See, e.g.*, *Bennett v. Advanced Cable Contractors, Inc.,* 2012 WL 1600443 at *13-14 (rejecting defendant's contentions that declarations consisted of "cookie-cutter assertions" and certifying conditional class based on declarations containing identical statements); *Labrie v. UPS Supply Chain Solutions, Inc.,* 2009 WL 723599, at *6 (N.D.  Cal. March  18,  2009)  (finding  defendant's  argument  that  plaintiff's  "identical,  conclusory declarations" were not competent evidence as going to the merits). Rather, the similarity among the declarations underscores that conditional certification is appropriate in this case because it demonstrates the undeniable similarity between Plaintiff, the Opt-in Plaintiffs, and those putative opt-ins to whom Plaintiff seeks to send notice.  *See Jackson v. Synergies3 Tec Servs., LLC*, 2019 WL 5579514, at *1, 3 (E.D. Mo. Oct. 29, 2019) (granting conditional certification based on "similar  declarations"  that  "describe  essentially  identical  treatment  in  terms  of  how  [the company] managed their work and structured their pay.").

Defendants also cherry-pick statements from the declaration and argue that they are "too conclusory and contain no factual support."  *See* Defendants' Opp. at p. 9 [DE 26]. But, the

5

declarations include specific factual averments that Tootsie's Cabaret, among other things: maintained a work schedule for *all* Entertainers with designated shifts, created house rules which *all* Entertainers were uniformly required to follow, disciplined Entertainers through fees, fees and termination and controlled *all* Entertainer's working conditions (e.g. customers, music, stage) in a similar if not identical manner. *See e.g.* Pl. Ex. D, Declaration of Mayte Figueredo-Chavez at ¶¶ 7-11, 13, 16 [DE 22-4]. Furthermore, Defendants fail to acknowledge that the declarants have a foundation for their first-hand knowledge because they worked for many years in the same location as the other Entertainers and personally interacted with them. Thus, there is a sufficient evidentiary foundation for the declarant's statements made based on their personal knowledge.

Defendants' reliance on *Palacios v. Boehringer Ingelheim Pharms., Inc.*, 2011 WL 6794438, (S.D. Fla. Apr. 19, 2011) is misplaced. To begin with, "Defendants fail [] to point out that no one other than the plaintiff had opted into the action in *Palacios*—and that the *Palacios* court explicitly noted that fact." *Cooper v. E. Coast Assemblers, Inc.*, 2013 WL 308880, at *3 n.3 (S.D. Fla. Jan. 25, 2013). In addition, the plaintiff in *Palacious* was a pharmaceutical representative that worked in a different territory than the other representatives, and therefore her declaration was "grounded in the affiant's belief rather than knowledge." *Schwab v. J.F. Bernard, Inc.*, 2012 WL 1067082, at *8 n.5 (N.D. Ohio Jan. 4, 2012) (distinguishing *Palacios* on this basis and others). In contrast to *Palacios*, here the declarants all worked in the same location with the other Entertainers who comprise the putative opt-in class, and therefore unlike in *Palacios*, they have personal knowledge the information contained in the declarations. For these reasons, Defendants' attempt to assail Plaintiff's declaration evidence is without basis.

III.    **THERE IS NO BASIS TO ENFORCE THE CLASS/COLLECTIVE WAIVERS
        CONTAINED WITHIN THE ARBITRATION PROVISION, BECAUSE THE
        ARBITRAL FORUM IS UNIFORMLY UNAVAILABLE FOR ALL
        ENTERTAINERS**

Defendants do not dispute that the "designated arbitral forum of AAA is unavailable ***to***

***any Entertainer*** because Tootsie's Cabaret's repeatedly refused to follow AAA's policies and

rules and the AAA has stated it will decline to administer future arbitrations involving Tootsie's

Cabaret."  Plaintiff's Br. at pp. 11-12 [DE 22].[3]  Defendants' fallback position that the class and

collective waivers preclude conditional certification, even in the absence of an enforceable

arbitration agreement likewise fails.  The purported waivers are contained within the same

provision on the agreement to arbitrate and are part and parcel of the obligation to arbitrate,

rather than an independent clause.

This is far from an issue of first impression.  Numerous courts have held that the

waiver/unavailability of arbitration under facts strikingly similar to those at bar, necessarily

renders class waivers contained within the arbitration provisions a nullity.  *See, e.g., Vine v. PLS*

*Financial Services, Inc.*, 807 Fed App'x 320, 328 (5th Cir. 2020); *Meyer v. Kalanick*, 185

F.Supp.3d 448, 452-54 (S.D.N.Y. 2016).[4]

In *Vine*, the court analyzed whether a class action waiver contained within an arbitration

provision was meant to apply only with respect to the obligation to arbitrate, or constituted an

independent waiver.  *Id*.  After reviewing the language of the agreement, the court affirmed the

district court's conclusion "that the most plausible way to interpret a class action waiver in the

middle of an arbitration provision is as part of the explanation of the rules, rights, and procedures

---

[3] Instead of addressing this argument, Defendants freely acknowledge that they waived arbitration.
[4] Defendants reliance on *Godwin v. JAI Dining Services (Lubbock), Inc.*, No. 15-cv-133-c (E.D. Tex. Jan. 14, 2020) [DE 26-5] is misplaced because that case precedes AAA' determination to no longer administer cases involving Tootsie's (*see* Pl. Ex. E) and also predates the Fifth Circuit's decision in *Vine*.

that apply if a dispute is arbitrated—'*not* as an independently effective waiver of the right to pursue a class action outside the arbitration context.'" *Id.* (quoting *Meyer, supra*) (emphasis in original). In other words, once the "[defendant] waived the arbitration provision, the [plaintiffs] were free to select another form of dispute resolution, including a class action." *Id.*

The Fifth Circuit's decision in *Vine* is in line with most if not all courts to have considered this issue. *See, e.g.*, *Meyer, supra; see also Cash Biz, LP v. Henry*, 539 S.W.3d 342, 354 (Tex. App.—San Antonio 2016) ("The class–action waiver provision is not an independent agreement or provision, but is included within the arbitration provision in the Loan Contracts. Therefore [sic] applicability of the class action waiver provision is dependent upon the validity and applicability of the arbitration provision."); *In re Rivers*, 2010 WL 5375950, at *1 (Bankr. S.D. Miss. Dec. 22, 2010) ("The Court finds that it is not reasonable to read the Purported Class Action Waiver as applicable to litigation….").

Here, as in *Vine, Meyer* and the other cases cited above, the class and collective waiver is contained within a single provision entitled "ARBITRATION" within the Entertainer Licensing Agreement ("ELA"), and "is as part of the explanation of the rules, rights, and procedures that apply if a dispute is arbitrated." *Vine,* 807 Fed App'x at 328; Defs. Ex. B-D, at §15 [DE 26-2-4]. The language in the ELA precludes any argument that class and collective waiver is an independent agreement (from the arbitration provision) since it only reflects an "understand[ing] and acknowledg[ment]" of the consequences of arbitration. The ELAs all Entertainers purportedly signed do not contain an independent agreement to waive the right to proceed on a class or collective basis in court and thus there is no basis to enforce them here.

Defendants' contention that courts generally enforce class/collective action waivers in FLSA cases in the absence of an enforceable agreement to arbitrate is also incorrect. *Walthou v.*

*Chipio Windshield Repair, LLC*, did not address the issue here because in *Walthou* there was an **enforceable** arbitration agreement, which contained a class waiver.  745 F.3d 1326 (11th Cir. 2014).  Moreover, the *Martins* decision cited by Defendants is no longer good law, because it has been vacated by the Eleventh Circuit.[5]  Further, both cases addressed the issue of whether the FLSA prohibited the enforcement of collective action waivers (ever) not whether they were enforceable when the arbitration clause in which they resided was not, as here. *See Martins*, 463 F. Supp. 3d at 1300-01.  Notably, the sole case from within this Circuit that appears to have squarely addressed this issue held "outside the context of arbitration, there is no legal authority for [the] assertion that an employee can waive the ability to bring an FLSA collective action while maintaining the ability to pursue an individual action in court." *Simpkins v. Pulte Home Corp*., 2008 WL 3927275, at *10 (M.D. Fla. Aug. 21, 2008), *clarified on denial of reconsideration*, 2008 WL 11474926 (M.D. Fla. Sept. 24, 2008).

Here, Defendants acknowledge that they waived arbitration with regard to the Plaintiff. Moreover, due to Defendants' willful and repeated failure to participate in arbitration, the designated arbitral forum is unavailable to Plaintiff, the Opt-in Plaintiffs and the putative collective members alike.  Under these circumstances, the corresponding class and collective waivers that might have attached to the obligation to arbitrate fall too.

## IV.   DEFENDANTS' OBJECTIONS TO THE FORM OF NOTICE ARE DUE TO BE OVERRULED

Defendants' requested changes to the form of the notice should be overruled.  The Proposed Notice already states that "Defendants maintain that they did not violate the law, and that their workers were properly classified as independent contractors."  Defendants request to include unspecified detail and legal argument about contractual defenses and defenses to liability

---

[5] *See* Defs.' Opp. at p. 6, citing *Martins v. Flowers Foods, Inc.*, 463 F. Supp. 3d 1290 (M.D. Fla. 2020), *vacated*, 852 Fed. App'x 519 (11th Cir. July 9, 2021) [DE 26].

is unnecessary and will only serve to confuse potential putative class members. For this reason, courts routinely reject similar requests. *See, e.g., Byard v. Verizon W. Virginia, Inc.*, 287 F.R.D. 365, 374 (N.D.W. Va. 2012) ("The defendants' proposed inclusion of their legal arguments is unnecessary and "will likely confuse potential opt-in plaintiffs."); *Delaney v. Geisha NYC LLC,* 261 F.R.D. 55, 59 (S.D.N.Y.2009) (refusing to include specific information concerning defenses where proposed notice stated that defendant "denies that they violated the Fair Labor Standards Act").

Defendants also request to include language in the Proposed Notice on the effect of participating in the litigation and selection of counsel.  But, the Proposed Notice includes language on these topics:

> If you choose to join this lawsuit, you will be bound by the settlement or judgment, you may be required to provide information, participate in discovery, and/or testify in court, including at trial. You can hire your own attorney and will not be required to pay attorneys' fees directly if you wish to have the Plaintiff's attorneys represent you. The Plaintiff's attorneys will receive a part of any money judgment entered in favor of the class.

> If you choose to join in the lawsuit, you will be represented by the Representative Plaintiff through his attorneys as counsel for the class.

Defendants fail to explain why this language is inadequate, or to propose specific language to include in its place, and thus, Defendants' objection to this language should be rejected.[6]

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court conditionally certify this case as a collective action, and permit and supervise notice to all current and former Entertainers who worked at Tootsie's Cabaret in the three years prior to the Court's order granting conditional certification.

---

[6] *Compare Frazier v. PJ Iowa, L.C.,* 337 F. Supp. 3d 848, 875 (S.D. Iowa 2018); *Martinez v. Cargill Meat Sols.*, 265 F.R.D. 490, 500 (D. Neb. 2009); *Adams v. Inter-Con Sec. Sys., Inc.,* 242 F.R.D. 530, 541 (N.D. Cal. 2007).

Dated: August 16, 2021

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
FL Bar No. 27777
Bryan Arbeit
FL Bar No. 1010329
Morgan & Morgan, P.A.
8151 Peters Road, Suite 400s
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com
E-mail: barbeit@forthepeople.com

Brett R. Cohen, Esq.
Pro Hac Vice
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
bcohen@leedsbrownlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which I understand will send notice of same to all counsel and parties of record.

*/s/ Andrew Frisch*
Andrew R. Frisch