UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL ACTION NO: 1:21-cv-21733-KMM

MAYTE FIGUEREDO-CHAVEZ,
individually and on Behalf of All
Others Similarly Situated,

    Plaintiffs,
vs.

RCI HOSPITALITY HOLDINGS, INC.,
MIAMI GARDENS SQUARE ONE, INC.,
and ERIC LANGAN, individually,

    Defendants
_____/

**PLAINTIFF'S *UNOPPOSED* MOTION TO APPROVE SETTLEMENT AGREEMENTS PURSUANT TO THE FAIR LABOR STANDARDS ACT**

PLAINTIFF MAYTE FIGUEREDO-CHAVEZ ("Figueredo-Chavez" or "Plaintiff"), hereby moves the Court to approve the settlement of the above-styled action (the "Lawsuit") on behalf of herself and Gloria Coronell, Rubi Orzoco, Katherine Hernandez, Taren Tarango (collectively referred to as "Entertainers"). In support of this Motion, Plaintiff states:

    I.    **BACKGROUND AND SETTLEMENT TERMS**

This is an action filed by Figueredo-Chavez under the Fair Labor Standards Act ("FLSA") related to her alleged employment with Tootsie's Cabaret. In the Lawsuit, Figueredo-Chavez alleges that she was not properly paid minimum wages for all weeks/hours worked for Tootsie's Cabaret. Figueredo-Chavez alleges this violates the FLSA, and that she is owed minimum wages, liquidated damages and attorneys' fees and costs of litigation. Figueredo-Chavez filed this action as collective action, and Ingrid Sabogal and Gloria Coronell filed consents to join. Plaintiff's counsel also represents there additional entertainers, Rubi Orzoco,

1

Katherine Hernandez, Taren Tarango, who previously filed an arbitration at the same time as Figueredo-Chavez and intended to join the collective/class action if certified, or file an individual action.

Defendants deny that they employed Figueredo-Chavez or any of the other Entertainers, and contend that they were properly classified as an independent contractor, and exempt from the FLSA.  Thus, Defendants deny that they failed to properly pay minimum and overtime wages for hours worked.

On December 3, 2021, the Court denied Plaintiff's motion for conditional certification.  The parties completed discovery on the claims for Figueredo-Chavez, including responding to interrogatories and requests for the production of documents.  The parties also took a total of five depositions.  Given the overlapping time periods for the Entertainers, the discovery in this Lawsuit would have been relevant to and used in subsequent individual actions.

After discovery was completed, the parties attended Court-ordered mediation, and notwithstanding their respective positions, and with the assistance of the mediator, Defendants and the Entertainers have concluded that it is in their best interests to compromise and settle their disputes in order to avoid the expense and inconvenience of further proceedings.  As part of the settlement, the Entertainers have entered into individual Settlement Agreements, a copy of which is attached hereto as **EXHIBIT A**, in which Defendants deny all liability but agree to pay the Entertainers the following amounts:

- Mayte Figueredo-Chavez: $31,133.33
- Taren Tarango: $10,200
- Gloria Coronell: $7,200.00
- Rubi Orzoco: $7,200.00

- Katherine Hernandez: $2,933.33

In arriving at the settlement amounts, the Parties examined detailed records of attendance and time records pertaining to the shifts that the Entertainers worked at Defendants' club. Based on these records, the Entertainers will receive an amount close to or in excess of the minimum wage for the estimated hours worked. *See* D.E. 8 (estimating that Figueredo-Chavez's minimum wage claims to be $29,673.93). The Parties also considered other factors which they believed would bear on the ultimate determination of the entertainers claims, including, but not limited to, the applicable statute of limitations, whether monies that Entertainers paid to employees of the Club were tips or mandatory deductions, whether Defendants had a "good faith" basis to believe their classification of the entertainers as an independent contractor complied with the FLSA, and whether certain amounts retained by Entertainers could serve as an offset to any potential liability. The individually negotiated settlement amounts negotiated through the mediator also took into account the Entertainers desire to settle the claims now as opposed to continue with trial or separate actions.

Based on the foregoing description of the bona fide disputes which existed between them, the Parties, through their respective counsel, jointly represent to the Court that the terms of the Settlement Agreement for the Entertainers are fair and reasonable under the facts and circumstances of this case, and that Entertainers will receive fair and just compensation for all monies to which they could claim to be entitled under the FLSA and state minimum wage laws. Plaintiff therefore submits the Settlement Agreements to the Court and respectfully requests that following its review of the same that the Court approves the terms of the Settlement Agreement and dismiss this Action.

## II. FLSA SETTLEMENTS

Pursuant to the case law regarding settlement of claims arising under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA"), there are two ways in which claims under the FLSA can be settled and released by employees. First, § 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Second, in the context of a private lawsuit brought by an employee against an employer under § 216(b) of the FLSA or a collective action by multiple employees to recover against an employer as outlined in § 216(b) of the FLSA, employees may settle and release FLSA claims against an employer if the Court reviews and approves the fairness of the settlement. *Id*; *see also Sculte, Inc. v. Gandi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Here, for the reasons described above, the settlement reached here on behalf of each

Entertainer is a fair and reasonable compromise of disputed FLSA issues and provides meaningful relief for the Entertainers based on the factors described above. The Parties agree no reasons exist to deny this Motion and respectfully request the Court find the settlement fair and reasonable.

### III. THE ATTORNEYS' FEES AND COSTS ARE REASONABLE

In addition to payment to Plaintiff of all amounts alleged due for wages and liquidated damages, Defendants have agreed to pay attorneys' fees in the total amount of $29,333.33 and costs in the total amount of $8,000.

Here, the Entertainers were represented by three experienced labor and employment counsel with over 30 years of collective experience handling wage and hour cases throughout the United States. In this case, Plaintiff's counsel expended over 180 hours in the successful resolution of the case. An itemized breakdown of the attorneys' fees is attached as **EXHIBIT B**. Even calculating the lodestar at the low-end of the scale of reasonable hourly rates ($300), it would be a minimum of $56,310. Thus, the lodestar significantly exceeds the amount that Plaintiff's counsel will receive under the settlement. The foregoing also does not include the time associated with the arbitration proceeding before the filing of the Lawsuit, paralegal time related to the Lawsuit, or time spent on this motion.

Plaintiff's counsel also seeks the recovery of costs in the amount of $8,000 expended in the Lawsuit ($6,396.00) and related arbitration filing fees ($2,400). This amount is slightly less than the total costs incurred. Invoices detailing the costs are attached as **EXHIBIT C.**

As such, to the extent the Court reviews the attorneys' fees and costs for fairness, independent of the amounts payable to the Entertainers under the settlement, such amounts are fair and reasonable as well.

WHEREFORE, Plaintiff respectfully request the Court enter an Order finding that the Entertainers' Settlement Agreements are fair and reasonable and are approved.

## CERTIFICATE OF CONFERRAL

Plaintiff's undersigned counsel certifies pursuant to Local Rule 7.1(a)(3) that he has conferred counsel for Defendants regarding the relief sought in this Motion and is authorized to represent that Defendants do not oppose the relief sought.

Dated: April 12, 2022

Respectfully submitted,

*/s/ Bryan Arbeit*
Andrew R. Frisch
FL Bar No. 27777
Bryan Arbeit
FL Bar No. 1010329
Morgan & Morgan, P.A.
8151 Peters Road, Suite 400s
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com
E-mail: barbeit@forthepeople.com

Brett R. Cohen, Esq.
FL Bar No. 1033391
LEEDS BROWN LAW, P.C.
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel: (516) 873-9550
bcohen@leedsbrownlaw.com

6

## CERTIFICATE OF SERVICE

      I hereby certify that on this <u>12th</u> day of April, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record.

      */s/ Bryan Arbeit*
      Bryan Arbeit